**OGIER, Plaintiff-Appellant v. OGIER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3550.  Decided April 27, 1943.

Baldwin & Nolan, Columbus, for plaintiff-appellant.
W. D. Bartels, Columbus, for defendant-appellee.

78

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas, Division of Domestic Relations, Franklin county, Ohio.

On July 27, 1937, the plaintiff, Benson Ogier, was granted a divorce from his then wife, Mary Ogier, on grounds set forth in his petition filed June 10, 1937.

Prior to the granting of the divorce the parties entered into an agreement of separation and therein stipulated that the custody of the two older children, both boys, should be given to the plaintiff husband, and the custody of the youngest child, a girl, should be given to the . wife, Mary Ogier. These articles of separation were submitted to the trial court at the time of the divorce action and were adopted by the court as its order.

. On or about November 26, 1941, the plaintiff-appellant filed his motion with the Court of Common Pleas, Division of Domestic Relations, asking the court to change its order previously giving the custody of the child to the defendant, and to transfer the custody to the plaintiff.

The motion came on for hearing on December 29, 1941, and after hearing the evidence the trial court overruled the motion for change of custody, to which order the plaintiff excepts. Motion for new trial was duly filed, overruled and judgment entered on the finding.

Within statutory time the plaintiff gave notice of appeal on questions of law and thus lodged the cause in our court.

Counsel for defendant-appellee filed a motion to strike the bill of exceptions from the files upon the ground that it was not filed in the trial court within the time prescribed under the statute.

Subsequently, counsel for appellee orally withdrew his motion, and now admits that the bill of exceptions was filed within proper time.

We have carefully read the bill of exceptions and also the briefs submitted by counsel for the respective parties. We also have the advantage of the written opinion of the trial court.

The paramount question for consideration in the case of custody of children is always, what will be for the best interests of the child? Where parents are separated, this very situation creates a serious problem as to what is for the best interests of the minor children.

In all cases it is obvious that the best interests of the children require that the parents forget their differences and strive to live together, so that the children may have the benefit of a home supervised by both parents.

In practice, we recognize that this is not always possible and where a separation follows it devolves upon the court to use its best judgment in declaring which parent shall have the custody of the children. Prior to the hearing on the present motion, the plaintiff-appellant had been remarried, and the record indicates that this stepmother was very good to the boys and aided materially the plaintiff-appellant in giving them a good home. This stepmother died a few years before the present application and at the time of the hearing the plaintiff-appellant was a widower. Much evidence was introduced that the plaintiff was engaged to be married for a third time and that his intended was spending much time at their home. Very naturally, there would arise a query as to whether or not a new stepmother would be able to accept the stepchildren and act toward them in a manner that would be to their best interests. We are informed that since the hearing the plaintiff and this woman have actually been married. Two maids working at the home of the plaintiff, during the time that he was a widower, were called as witnesses on behalf of the defendant and in their testimony gave evidence of some circumstances indicating improper conduct between the plaintiff and this woman, although in cross-examination they frankly stated that they had never seen any such improper conduct.

There was an abundance of evidence introduced that the defendant was inclined to drink intoxicating liquor to excess and in one instance she was arrested for malicious destruction of property, being found in a state of intoxication, and some other minor charge. She entered a plea of guilty as to all the charges and received a suspended sentence. This incident grew out of an occasion when she went to the home of the plaintiff while he was away and not gaining entrance to the house, broke a glass in the door and then entered. The police were called and the complaint was filed by some of the officers. There was other evidence of specific instances where the defendant drank intoxicating liquors to excess and in a few instances, in the presence of the little girl. The defendant lived at the home of her mother and of course this was the home of the little girl. The grandmother was very much attached to her granddaughter, and she had a very good home in which to live. There was evidence that the grandmother was rather high-tempered and at times she and her daughter quarreled. The defendant was keeping company with a man by the name of Spurlock, and we understand that since the hearing the defendant and Spurlock have been married. The trial court in his written opinion was critical of the conduct of the defendant and specifically stated that unless she mended her ways and ceased her drinking in the presence of the

child, the girl would be taken from her and given to the plaintiff. He further stated that he was giving instructions to the examiner in his office to keep very close touch and report to him the conduct of the mother in the future. He refrained from changing the custody of the child and giving it to the father for the reason that it was a very serious question whether or not the new wife that the plaintiff was expecting to take into his home could qualify as a proper person to have the custody of the little girl.

It is a matter of common knowledge that wives in going into a home where there are stepchildren very frequently are tempermentally unfitted to take the place of a real mother. This may not be due to any improprieties on the part of the new wife, but as heretofore stated, is wholly a matter of temperament. A new wife might fully understand the situation that she was going into and earnestly and honestly resolve that she would be a mother to her husband's children. We cannot always control our likes and dislikes. We may like one person and dislike another without being able to explain on any sound reasoning.

Generally, the real mother is best fitted to have the custody of a little girl. Her love and affection for her own child is natural and when it does not exist it is not natural. It sometimes happens that the mother forgets herself and is guilty of conduct in the presence of her child that is injurious to the best interests of the child. Even under these situations the mother does love her child.

As a reviewing court we must concede to the trial court the position of being best able to determine the controversy. He saw and heard all the witnesses. We recognize that under the state of the record the trial court might have determined otherwise and had he done so we would not have felt ourselves justified in interfering.

The fact that this order for custody is a continuing order and may be changed at any time has a bearing with us.

It is quite probable that the trial court was giving to the defendant a further chance to show that her interest in her daughter would prompt her to so demean herself that no further objections could be raised as to any injurious effect to the little girl.

Considering the record in its entirety, together with the fact that the trial court has a continuing jurisdiction, we are unable to determine that it affirmatively appears that prejudicial error intervened.

The judgment of the trial court will be affirmed and cause remanded for further proceedings according to law.

The costs in this court will be adjudged against the plaintiff-appellant.

HORNBECK and GEIGER, JJ., concur.